UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CHRISTOPHER G. WEBLEY,**

                                      **Plaintiff,**

  vs.                                                              1:25-cv-01424
                                                                                  (MAD/DJS)

**TJ MAXX and HEATHER TIFFANI,**

                                      **Defendant.**
_____

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      Plaintiff Christopher G. Webley commenced this action on October 14, 2025, bringing claims for "negligence, discrimination, harassment, false imprisonment, emotional distress, physical abuse, defamation, and cyber bully [sic]" against Defendants TJ Maxx and Heather Tiffani.  *See* Dkt. No. 1 at 1-3.  On November 10, 2025, Magistrate Judge Daniel J. Stewart granted Plaintiff's motion to proceed *in forma pauperis*.  *See* Dkt. No. 5.  And, on the same day, Magistrate Judge Stewart issued a Report-Recommendation and Order, recommending that this Court dismiss Plaintiff's complaint without prejudice and with leave to amend for lack of subject matter jurisdiction.  *See* Dkt. No. 6.

      Plaintiff has not filed any objections to the Report-Recommendation and Order.  When a party declines to file an objection, the Court reviews a recommendation for clear error.  *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Because

1

Plaintiff has not filed an objection, the Court will review the Report-Recommendation and Order for clear error.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has stated that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because of their lack of legal training." *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Here, the Court finds no clear error in Magistrate Judge Stewart's Report-Recommendation and Order. Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. *See* Dkt. No. 6 at 2-6. Indeed, as discussed in the Report-Recommendation and Order, Plaintiff has failed to establish subject matter jurisdiction. *See id.* at 3-6. The complaint does not identify any federal statutory or constitutional rights violations necessary to confer federal question jurisdiction. *See* Dkt. No. 1. And the complaint fails to establish diversity jurisdiction because it alleges that both Plaintiff and Defendants are citizens of New York. *See id.* at 1-2.

The Court also finds no clear error in Magistrate Judge Stewart's recommendation that Plaintiff be permitted an opportunity to amend. *See id.* at 5-6. If Plaintiff files an amended complaint, it must be a wholly-integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 118-19 (N.D.N.Y. 2023).

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

     **ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED** in its entirety; and the Court further

     **ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND**; and the Court further

     **ORDERS** that Plaintiff shall file an amended complaint, if any, within **thirty (30) days** of the date of this Order; and the Court further

     **ORDERS** that if Plaintiff fails to file an amended complaint within **thirty (30) days** of the date of this Order, the Clerk of the Court is respectfully directed to enter judgment against Plaintiff and close this case without further order from this Court; and the Court further

     **ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 13, 2026
       Albany, New York

Mae A. D'Agostino
U.S. District Judge